09-2172-ag
Sulaiman v. Holder

A095 462 090
A095 462 091
A095 462 092
A095 462 093
A095 462 094
A095 462 095
A095 462 096
A095 462 097

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of April, two thousand ten.

PRESENT:

       RALPH K. WINTER,
       ROBERT A. KATZMANN,
       PETER W. HALL,
          *Circuit Judges*.

_____

ZAID SULAIMAN, INTESAR ALWI, KHAZANA SULAIMAN, YOSRA SULAIMAN, ABDULLA SULAIMAN, MOHAMED SULAIMAN, SULAIMAN SULAIMAN, SAMAH SULAIMAN,
     *Petitioners*,

        v.                         09-2172-ag
                                     NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
     *Respondent*.

_____

FOR PETITIONERS:   Genet Getachew, Brooklyn, New York.

FOR RESPONDENT:   Tony West, Assistant Attorney
          General; Blair T. O'Connor,
          Assistant Director; John B. Holt,
          Trial Attorney, Office of
          Immigration Litigation, United
          States Department of Justice,
          Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is GRANTED.

Petitioners, citizens of Yemen, seek review of a May 4, 2009, order of the BIA affirming the June 10, 2008, decision of Immigration Judge ("IJ") Elizabeth A. Lamb, denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zaid Sulaiman, et al.,* Nos. A095 462 090-097 (B.I.A. May 4, 2009), *aff'g* Nos. A095 462 090-097 (Immig. Ct. N.Y. City June 10, 2008). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008)(internal quotation marks omitted). The applicable standards of review are well-established. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008); *Shu Wen Sun v. BIA*, 510 F.3d 377, 379 (2d Cir. 2007).

Because the BIA assumed Sulaiman[*] to be credible for purposes of its analysis, we will do the same. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271-72 (2d Cir. 2005).

---

[*] We refer exclusively to Zaid Sulaiman ("Sulaiman") throughout this order because he was the lead applicant for asylum during his family's removal proceedings. The remaining Petitioners, his wife and children, were derivative applicants.

Proceeding under this assumption, we find error in the agency's analysis.

In his asylum application and during his merits hearing, Sulaiman claimed he was elected to the Yemeni Parliament from 1993 to 1997 as a representative from southern Yemen and during the 1994 uprising of southern Yemen, his political rivals convinced the President that he was a secessionist. He stated that in 1997, although he had hoped to be an Ambassador, the President appointed him to the lower position of Charge D'Affairs in Indonesia, which he took as a rebuke for his political stance in 1994. According to his application, in 1999 Sulaiman was called back to Yemen to answer charges that he encouraged the Yemeni community in Indonesia to oppose the Yemeni regime, but the charges were dropped for lack of proof. Sulaiman stated that in September 1999 the Foreign Ministry transferred him laterally to the Yemeni Embassy in the Netherlands. Then, in June 2001, a year before the end of his assignment, ordered him to return to Yemen and suspended him from his position due to ongoing rumors that he was a secessionist. During this time, Sulaiman continued to draw a salary. He claimed that after his return to Yemen, two attempts were made on his life and that he believed the government was behind both incidents although he could not identify the assailants. He stated that following these incidents, his "friends in high places in the regime" advised him to leave the country to ensure his safety.

The BIA concluded that Sulaiman's belief that the government targeted him on account of a political opinion imputed to him was impermissibly "speculative," and that he "failed to show a nexus between the incidents where his car and house were shot at by unknown persons and any protected ground." This analysis ignores material record evidence, and, accordingly, it is erroneous. *See Tian-Yong Chen v. INS*, 359 F.3d 121, 128 (2d Cir. 2004). Sulaiman testified that prior to the attempts on his life in September and November of 2001, he was warned by the Deputy President to be careful because the President was "not happy" with him and that the President had accused him of being a secessionist. Sulaiman also submitted into evidence a bulletin dated January 2002, sent to Aden Airport Security,

3

stating that "[t]he traitor secessionist Zaid Ahmed Sulaiman is to be placed among the wanted list and to be delivered to the political security upon his arrival."  In finding that Sulaiman failed to show a nexus to a protected ground, the agency made no reference to this evidence.  While the agency need not "parse or refute on the record" each piece of evidence an applicant submits, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 17 (2d Cir. 2006), it is required to indicate that it has considered all of the material evidence supporting the claim, *Poradisova v. Gonzales*, 420 F.3d 70, 77 (2d Cir. 2005).  Because the agency did not indicate that it considered the material evidence Sulaiman submitted and because it is not clear that the agency would have reached the same conclusion had it done so, remand is necessary.  *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir. 2005); *Poradisova*, 420 F.3d at 77.

We note that the agency's determination that there was no nexus to a protected ground finding also failed to consider the shooting incidents in the broader context of Sulaiman's testimony.  Instead it focused first on Sulaiman's demotion, disposing of it separately as not amounting to persecution, and then turned to the shootings and considered them discretely.  *See Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 290 (2d Cir. 2007); *see also Poradisova*, 420 F.3d at 79-80.  While the BIA's determination that Sulaiman's demotion itself did not amount to persecution was reasonable, *see Guan Shan Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 70 (2d Cir. 2002), the BIA erred in failing to consider how Sulaiman's political history and demotion informed the question of whether the shooting incidents were on account of his imputed political opinion.  *See Manzur*, 494 F.3d at 290.

Because these errors concern the core of Sulaiman's claim of past persecution and fear of future persecution, we cannot find that remand would be futile.  *Xiao Kui Lin v. Mukasey*, 553 F.3d 217, 224 (2d Cir. 2009); *see also Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 111 (2d Cir. 2006).  On remand the agency is directed to reevaluate whether Sulaiman established his eligibility for asylum, withholding of removal, and CAT relief, taking into

consideration: (1) his testimony regarding the warning he received from the Deputy President; (2) the airport bulletin; and (3) the broader context of his political career and demotion. *See Cao He Lin*, 428 F.3d at 406.

For the foregoing reasons, the petition for review is GRANTED and the case is REMANDED to the BIA for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
